█ In the Matter of MARGARET YY., a Mentally Retarded and/or Developmentally Disabled Person. MARY ANN YY., Respondent; FRANCES UU., Appellant, et al., Respondent. (And Two Other Related Proceedings.) [956 NYS2d 341]—

Stein, J.

We affirm. SCPA 1754 (1) provides, in pertinent part, that "[u]pon a petition for the appointment of a guardian of a mentally retarded or developmentally disabled person [18] years of age or older, the court shall conduct a hearing at which *such person* shall have the right to jury trial" (emphasis added). Assuming, without finding, that this statute applies to proceedings for the appointment of a successor guardian,[5] when we construe it "so as to give effect to the plain meaning of the words used" (*Doctors Council v New York City Employees' Retirement Sys.*, 71 NY2d 669, 675 [1988] [internal quotation marks and citations omitted]; *see Riley v County of Broome*, 95 NY2d 455, 462-463 [2000])—which we find to be clear and unambiguous—we can only conclude that the right to a jury trial belongs solely to the subject of the guardianship proceeding, not to any other party. Thus, Frances (and Edward) lacked standing to demand a jury trial and Surrogate's Court properly granted Mary Ann's motion to vacate their demand.

Frances's remaining contentions have been considered and found to be unavailing.

Mercure, J.P., Rose, Kavanagh and Egan Jr., JJ., concur. Ordered that the orders are affirmed, without costs.

---

5. As Surrogate's Court noted, the pending proceedings do not concern Margaret's need for a guardian, only "who is (or are) the most appropriate successor guardian(s) and standby guardian(s) for [her]" (*see generally* SCPA 1755).